B. V. L. BLACK, Plaintiff in Error, *vs.* BRISBIN & BIGELOW, Defendants in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

Under the Garnishee Act, *Rev. Stat., Chap.* 91, *p.* 451, two things were necessary to give a Court jurisdiction of proceedings in garnishment. One, that the principal action is "founded upon contract express or implied, or upon a judgment or decree"—the other, that an affidavit has been made and filed, setting forth the indebtedness, &c., of the party to be garnisheed.

Where a garnishee had express notice of the irregularity of the process issued against him, and of an assignment to third parties of the indebtedness due from him to the principal Defendant, he, (the garnishee,) should protect himself by asserting his rights in the judicial proceeding; otherwise he will be estopped from afterwards asserting them as against the assignees of the indebtedness.

The following are the points and authorities relied upon by the Counsel for the Plaintiff in Error:

*First.*—The Court below erred in giving judgment against Plaintiff in Error, B. V. L. Black, on an indebtedness which he had paid by paying and satisfying a prior judgment of the same Court rendered against him as garnishee. *See statement of case for new trial, folio* 12; *Statutes of Minnesota,* (*new compilation,*) *Chap.* 80, *Sec.* 17, *p,* 661; *Wise vs. Hilton,* 4 *Greenleaf* 435; *Matthew vs. Houghton,* 2 *Fairfield* 377; *McAllister vs. Brooks,* 9 *Shepley* 80; *Norris vs. Hall,* 6 *Shepley* 332; *Drake on Attachment* 580; 20 *Johnson* 229.

*Second.*—The prior judgment rendered in the Court below, in the case of *D. D. Crumby vs. Black, Garnishee,* was regularly entered, and was well pleaded in bar by Plaintiff in

Error below. *See Statutes of Minn., Chap.* 80, *Sec.* 17 *and* 18; *Statutes of Minn., Chap.* 80, *Sec.* 3, which makes the garnishee liable from date of service of summons. *See Stat. of Minn., Chap.* 80, *Sec.* 6, which makes the service of *the summons* the commencement of an action against the garnishee, and gives the Court jurisdiction. *See statement of case, folio* 6, for time of service of summons.

*Third.*—The omission to file the affidavit in the case *vs. Black,* as garnishee, before the summons was served, does not affect the judgment rendered against him in that case by the Court having knowledge of such omission. *See folio* 17 *of case; Drake on Attachment, Chap.* 36, *p.* 715, 716 *and* 739; *Camberford vs. Hall,* 3 *McCord* 345; *Foster vs. Jones,* 1 *McCord* 116; *Chambers vs. McKee,* 1 *Hill S. C.* 229; *St. Louis Perpetual Insurance Co. vs. Cohen,* 9 *Missouri* 416; *Stebbens vs. Fitch,* 1 *Stewart* 180; 3 *Stewart* 326; *Smith vs. Chapman,* 6 *Porter* 365; *McKensie vs. Ransom,* 22 *Vermont* (7 *Washburn*) 324; 13 *Metcalf* 476; *Brown vs. Dudley,* 33 *N. Hampshire* 511.

*Fourth.*—If the proceedings against Black as garnishee, were defective, they cannot be inquired into collaterally in this suit, and Black having paid the judgment in that suit, cannot be compelled to pay it again in another suit, while the prior judgment stands on record. *See Drake on Attachments, Chap.* 36 *and* 37; *Ibid. p.* 727 *and* 728; *Baker vs. Garland,* 2 *Foster* 104.

The following are the points and authorities relied upon by Counsel for the Defendants in Error:

*First.*—The garnishee proceeding against the Plaintiff in Error was utterly void. At the time the garnishee summons was served, no affidavit had been filed as required by the Statute, nor does it appear from the *case,* that any action had been commenced upon contract or otherwise by *Crumby vs. Webb. Rev. Stat. Minn., Chap.* 91, *and amend'ts to Rev. Stat., p.* 17, *Sec.* 75.

*Second.*—The Plaintiff in Error suffered judgment to be taken against him in the garnishee proceedings without objec-

tion, and by his own default, and that with full knowledge of all the facts. He will not now be permitted to shield himself behind that judgment.

*Third.*—The facts disclosed in the *case* in this cause show that the judgment rendered in the garnishee proceeding is void upon its face. The District Court had no jurisdiction to render it.

*Fourth.*—The proceedings against garnishees allowed by our Statute is extraordinary and an innovation upon the course of the common law. All the positive requirements of the Statute must therefore be strictly complied with.

JOHN B. SANBORN, Counsel for Plaintiff in Error.

WM. R. SNIDER, Counsel for Defendant in Error.

*By the Court*—FLANDRAU, J. The case herein discloses that Black was indebted to one Webb, in the sum of $95,00. That on the 14th day of July, 1859, Crumby sued Webb, and commenced a proceeding of garnishment against Black, in said suit, to procure the transfer of this debt to him. That he made an affidavit to procure the garnishee summons, and left it with his attorneys, who thereupon issued the garnishee summons, without filing the affidavit, and it was served upon Black. That on the 15th day of July, the day after the garnishee summons was served on Black, but before the filing of the affidavit, Webb assigned the demand of $95,00 which he held against Black, to Brisbin and Bigelow, the Defendants in Error. That Black was at once, and before the filing of the affidavit, notified of the fact that the demand had been assigned to Messrs Brisbin & Bigelow, and also of the fact that the garnishee proceedings against him were irregular, in that no affidavit had been filed. Black paid no attention whatever to this information, but suffered the proceedings in garnishment to go on without objection or protest, until judgment was perfected against him upon his own disclosure.

There are two things necessary to give a Court jurisdiction of proceedings in garnishment, under our statute; one, that the principal action is "founded upon contract express or im-

plied, or upon a judgment or decree;" the other, that an affidavit has been made and filed, setting forth the indebtedness, &c., of the party to be garnisheed. No summons can be properly issued without the existence of these pre-requisites. *R. S., Chap.* 91, *Sec's.* 1, & 2, *p.* 451. The only way that Brisbin & Bigelow could assert their rights, was to notify Black of the assignment and the irregularity of the proceedings. They would not have been permitted to appear in the suit and make the objections; and good faith, at least, should have induced Black to present them to the Court, before swearing that he was indebted to Webb, as he must have done before judgment could have passed against him. A party is bound to protect himself in judicial proceedings, by asserting his rights when he is aware of them, as there are many ways in which they may be forfeited by his voluntarily sleeping upon them. If Black had presented these points to the Court below, the proceeding against him would undoubtedly have been dismissed, and if not, he could have corrected the error on appeal. The silence of Black, when fully advised of the rights of Webb's assignees, looks very much like' collusion with Crumby, to overreach them, and the law will never allow a party to shield himself behind a judgment obtained under such circumstances.

It is unnecessary to decide whether the omission to file the affidavit until after the issuing of the summons, is such a defect as to render the proceedings absolutely void, in cases where the rights of third parties do not intervene, because the facts disclosed in this case leave the garnishee, Black, in the position of a party estopped by his own wrong, from taking advantage of what under different circumstances might have availed him.

The Court below was undoubtedly correct in its holding on this point, and we affirm the judgment.